UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOUISE AKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:06CV1505 HEA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant, ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation, of Magistrate Judge David D. Noce, that the decision of the Commissioner be affirmed and that this case be dismissed. Plaintiff has filed written objections to the Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct a *de novo* review of those portions of the Report and Recommendation to which Plaintiff objects.

This Court's review is limited to a determination of whether the decision of

the ALJ is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir .2002).

> "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion." *Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir.2001). But "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir.1987). " 'Substantial evidence on the record as a whole' ... requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler,* 735 F.2d 312, 315 (8th Cir.1984)). In reviewing the administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951), *quoted in Gavin,* 811 F.2d at 1199.
>
> In general, the claimant bears the burden of proving his or her entitlement to disability insurance benefits under the Social Security Act. 20 C.F.R. § 404.1512(a); *Thomas v. Sullivan,* 928 F.2d 255, 260 (8th Cir.1991).

*Coleman v. Astrue* 498 F.3d 767, 770 (8th Cir. 2007).

Plaintiff objects to Judge Noce's recommendation that the Commissioner's denial of her application for disability insurance benefits and supplemental security income be affirmed. Specifically, Plaintiff makes the following objections to the Report and Recommendation:

The Magistrate Jude erred by mischaracterizing Judith McGee, Ph.D. as an examining psychologist when, in fact, she had never met Plaintiff.

The Magistrate Judge erred by failing to find significance in the ALJ's mischaracterization of Plaintiff's knee strain.

### Mischaracterizing Judith McGee, Ph.D. as an examining psychologist when, in fact, she had never met Plaintiff.

Plaintiff argues that Judge Noce erred by mischaracterizing Dr. McGee as if an independent examination was performed. Although the Report does state that it appears that Drs. Johns and McGee "seem to have examined Akins only once[,]" the Report recognizes that Dr. McGee conducted a psychiatric "review." Moreover, as the Report concludes, the ALJ did not assign too much weight to **Dr. Johns'** evaluation. (Emphasis added). Accordingly, the emphasis is on Dr. Johns' evaluation and not on Dr. McGee's review. Because Dr. Johns' expertise in psychology is the focus of the emphasis, rather than focusing on the report of Ms. Vaughan, a social worker, the cited law remains applicable and the ALJ's determination that more weight should be given to Dr. Johns' evaluation is supported by the evidence. *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998); 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5). The objection is therefore overruled.

### Failing to find significance in the ALJ's mischaracterization of Plaintiff's knee strain

Plaintiff asks the Court to place form over substance in order to overrule the

ALJ's decision. As Judge Noce correctly reported, although the ALJ may have stated that Plaintiff's condition was a "bilateral knew strain," the ALJ considered her knee impairments and determined them to be severe. This determination clearly establishes that the ALJ's conclusion was not misguided by terminology. The objection is overruled.

Judge Noce thoroughly analyzed Plaintiff's claims. The Report and Recommendation details the law and its application to the facts contained in the administrative record. The Report and Recommendation is adopted and Plaintiff's objections thereto are overruled in their entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commission is affirmed and this matter is dismissed with prejudice.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 6th day of March, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE